1  Cynthia L. Filla (SBN 184638)
2  Susan E. Groff (SBN 226670)
   Brandon A. Takahashi (SBN 248883)
3  JACKSON LEWIS LLP
4  725 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5408
5  Telephone: 213-689-0404
6  Facsimile: 213-689-0430
   fillac@jacksonlewis.com
7  groffs@jacksonlewis.com
8  brandon.takahashi@jacksonlewis.com

9  Attorney for Defendant
   HILTON WORLDWIDE, INC.
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13
                                        CV 13-01717 -SVW
14 MARGARET QUEENNETTA POTTS,  )    Case No.:                (JEM)
                               )
15         Plaintiff,          )    DEFENDANT'S NOTICE OF
                               )    REMOVAL OF ACTION TO THE
16     vs.                     )    UNITED STATES DISTRICT COURT
                               )    FOR THE CENTRAL DISTRICT OF
17 HILTON WORLDWIDE, INC., a   )    CALIFORNIA PURSUANT TO 28
18 Delaware corporation; and DOES 1 ) U.S.C. SECTIONS 1332, 1441 (a) and (b)
   through 100, Inclusive,     )    and 1446 (DIVERSITY)
19                             )
                               )    [Filed concurrently with Declaration of
20         Defendants.         )    Robert Blom, Certificate of Interested
                               )    Parties and Civil Case Cover Sheet]
21                             )
                               )    Complaint Filed: January 23, 2013
22                             )
                               )
23                             )
24

25

26         **PLEASE TAKE NOTICE** that Defendant HILTON WORLDWIDE, INC.

27 ("Defendant") hereby removes to this court the state court complaint described below and

28

---

CASE NO.                          1      DEFENDANT'S NOTICE OF REMOVAL OF
                                         ACTION TO THE U.S.D.C. FOR THE
                                         CENTRAL DISTRICT OF CALIFORNIA

1  Cynthia L. Filla (SBN 184638)
2  Susan E. Groff (SBN 226670)
   Brandon A. Takahashi (SBN 248883)
3  JACKSON LEWIS LLP
4  725 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5408
5  Telephone: 213-689-0404
   Facsimile: 213-689-0430
6  fillac@jacksonlewis.com
7  groffs@jacksonlewis.com
   brandon.takahashi@jacksonlewis.com
8
9  Attorney for Defendant
   HILTON WORLDWIDE, INC.
10

**FILED**
CLERK, U.S. DISTRICT COURT

MAR 11 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

11              **UNITED STATES DISTRICT COURT**
12             **CENTRAL DISTRICT OF CALIFORNIA**
13

14  MARGARET QUEENNETTA POTTS,  )  Case No.: **CV13-01717** -SVW
                                )                            (JEMx)
15          Plaintiff,          )
16                              )  **DEFENDANT'S NOTICE OF**
        vs.                     )  **REMOVAL OF ACTION TO THE**
17                              )  **UNITED STATES DISTRICT COURT**
    HILTON WORLDWIDE, INC., a   )  **FOR THE CENTRAL DISTRICT OF**
18  Delaware corporation; and DOES 1 )  **CALIFORNIA PURSUANT TO 28**
19  through 100, Inclusive,     )  **U.S.C. SECTIONS 1332, 1441 (a) and (b)**
                                )  **and 1446 (DIVERSITY)**
20          Defendants.         )
                                )  **[Filed concurrently with Declaration of**
21                              )  **Robert Blom, Certificate of Interested**
                                )  **Parties and Civil Case Cover Sheet]**
22                              )
23                              )  Complaint Filed:  January 23, 2013
                                )
24

25
26      **PLEASE TAKE NOTICE** that Defendant HILTON WORLDWIDE, INC.
27  ("Defendant") hereby removes to this court the state court complaint described below and
28

CASE NO.                            1        DEFENDANT'S NOTICE OF REMOVAL OF
                                             ACTION TO THE U.S.D.C. FOR THE
                                             CENTRAL DISTRICT OF CALIFORNIA

1   invokes this court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) as

2   follows:

3         1.    On January 23, 2013, a Complaint for Damages (hereinafter "Complaint")

4   was filed in the Superior Court of the State of California, County of Los Angeles entitled

5   *Margaret Queennetta Potts, an individual, v. Hilton Worldwide, Inc., a Delaware*

6   *corporation; and DOES 1-100, inclusive,* Case No. BC499591 ("complaint").   Attached

7   hereto as Exhibit "A" is a true and complete copy of Plaintiff Margaret Queennetta Potts'

8   ("Plaintiff") Complaint.

9         2.    On February 7, 2013, Defendant was served with the complaint, summons

10   and related case documents.   True and complete copies of the summons and related case

11   documents served upon Defendant on or about February 7, 2013, are attached hereto

12   collectively as Exhibit "B."

13         3.    The summons, complaint and related case documents are the only pleadings

14   served upon Defendant to date in this action.   The complaint purports to assert claims for

15   (1) failure to provide medical leave under the federal Family Medical Leave Act

16   (hereinafter "FMLA"); (2) retaliation in violation of public policy; (3) wrongful

17   termination in violation of public policy; and (4) violation of California Labor Code §

18   233.

19         4.    On March 8, 2013, Defendant filed and served its answer to the complaint in

20   the Los Angeles County Superior Court.   A true and complete copy of Defendant's

21   answer to the complaint is attached hereto as Exhibit "C."   Exhibits A, B and C hereto

22   constitute all the pleadings that have been filed in this action as of the date of the filing of

23   this Notice of Removal.

24         5.    This Notice of Removal has been filed within thirty (30) days after

25   Defendant was deemed served with a copy of the complaint upon which this action is

26   based.   *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 353 (1999)

27   (service of process is the official trigger for responsive action by a named defendant).

28

---

CASE NO.:                       2            DEFENDANT'S NOTICE OF REMOVAL OF
                                                ACTION TO THE U.S.D.C. FOR THE
                                                CENTRAL DISTRICT OF CALIFORNIA

This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. §1446(b).

6.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

### FEDERAL QUESTION REMOVAL

7.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it involves alleged violations of the laws of the United States. Specifically, this action involves claims of alleged acts violating the FMLA under 29 U.S.C. § 2601, *et seq.* (Complaint, ¶¶ 9-16.) This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) and (c) because Plaintiff's claims involve exclusive federal remedies, as set forth above, pursuant to the FMLA, under 29 U.S.C. § 2601, *et seq.*

8.     Additionally, this Court has supplemental jurisdiction over the remaining claims and issues alleged in the Complaint, including Plaintiff's claim for wrongful termination and retaliation in violation of public policy and Plaintiff's claim arising under the California Labor Code, as they all arise from Plaintiff's alleged medical leave and request for the same, and/or subsequent termination.

9.     Plaintiff alleges that she was employed for at least 12 months as of the date she requested leave under the FMLA, and had accumulated at least 1,250 hours of service to Defendant during the 12-month period immediately preceding her request for FMLA leave. (*See* Complaint, ¶ 10.) Plaintiff further alleges that Defendant denied such leave and terminated Plaintiff's employment. (Complaint, ¶¶ 11, 18, 24.) Plaintiff's state law claims are predicated on the same facts, namely that Defendant retaliated against her and wrongfully terminated her employment for requesting leave in violation of public policy. Plaintiff also alleges that Defendant should have permitted her to use sick leave and/or personal time off while on leave. (Complaint, ¶¶ 18-19, 24-25, 31.)

10.     Thus, each of Plaintiff's claims arises from the same set or transactions or occurrences, and would ordinarily be expected to be tried in a single judicial proceeding.

## DIVERSITY JURISDICTION

11.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).   To the extent this court decides not to exercise federal question and/or supplemental jurisdiction, Defendant maintains that diversity jurisdiction will apply.

12.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this court in which Plaintiff alleges the action arose and where Plaintiff resides. (*See* Complaint, ¶ 1.)

13.     Defendant is a Delaware corporation, and was so at the time Plaintiff filed her Complaint.   At all times relevant to this action, Defendant has been incorporated under the laws of Delaware, and is a citizen of that State.   Pursuant to 28 U.S.C. § 1331(c)(1), a corporate defendant "shall be deemed to be a citizen of any State by which it has been incorporated."   Additionally, Defendant's principal place of business is, and was at the time Plaintiff filed her Complaint, the Commonwealth of Virginia.   Although Defendant does business throughout the United States, it controls its nationwide operations from McLean, Virginia, where its headquarters and executive and administrative offices are located.

14.     Defendant is not aware of any Doe defendants having been served with a copy of the Summons and Complaint.   The citizenship of Doe defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a).

15.     As none of the defendants named in this matter are citizens of California where this action was brought, there is complete diversity allowing removal by non-

1   resident defendants. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of*

2   *North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

3       16.   Between December 2009 and November 2011, Plaintiff worked for

4   Defendant in the State of California. Plaintiff also maintained a California home address

5   of record during her employment with Defendant. (Declaration of Robert Blom ("Blom

6   Dec."), ¶¶ 3-4.)  Furthermore, Plaintiff alleges in her Complaint that she resides in the

7   State of California. (*See* Complaint, ¶ 1.)  Based on these facts and Plaintiff's allegation,

8   Defendant maintains that Plaintiff is a citizen and resident of the State of California.

9                           **AMOUNT IN CONTROVERSY**

10      17.   Without conceding that Plaintiff is entitled to damages or can recover

11  damages in any amount whatsoever, the amount in controversy in this action exceeds

12  $75,000. 28 U.S.C. §1332(a). Where a plaintiff's state court complaint is silent as to the

13  amount of damages claimed, the removing defendant need only establish that it is more

14  probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v.*

15  *Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996).   The amount in

16  controversy exceeds the sum of $75,000, exclusive of interest and costs, for the following

17  reasons:

18      18.   Plaintiff alleges was employed by Defendant as a Catering Sales Manager

19  from December 2009 to November 2011. (Complaint, ¶¶ 7-8.)

20      19.   As a result of Defendant's alleged actions, including her termination,

21  Plaintiff claims she suffered and continues to suffer a loss of earnings and benefits.

22  (Complaint, ¶ ¶13, 20-21, 26-27, 32.)  In fact, Plaintiff was earning approximately

23  $43,867.00 per year, and thus her allegations of economic damages alone meet the

24  jurisdictional prerequisite. (Blom Dec., ¶ 7.)

25      20.   She also claims she suffered and continues to suffer "pain and suffering, and

26  extreme and severe mental anguish and emotional distress." (Complaint, ¶¶ 26, 32-33.)

27  Plaintiff therefore claims entitlement to compensatory damages and general damages (*see*

28  Complaint, ¶¶ 1, 26, 32 and Prayer for Relief), as well as attorneys' fees (*see* Complaint,

¶¶ 14, 34 and Prayer for Relief) and liquidated damages. (Complaint, ¶ 14 and Prayer for Relief.) Plaintiff also asserts her entitlement to punitive damages based on "malice, fraud and oppression [] with [a] conscious disregard for her rights and [an] intent, design and purpose of injuring her." (*See* Complaint, ¶¶ 16, 22, 28, 35 and Prayer for Relief.)

21.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002), *citing, Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 843, n.1 (9th Cir. 2002).

22.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought, and take judicial notice of attorneys' fee awards in similar cases. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.* at 1035.

23.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994). In *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant

was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, *supra*, 871 F.Supp. at 334.

24.     Plaintiff's allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court.

25.     Thus, this action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 12 through 19 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

DATED:  March 11, 2013               JACKSON LEWIS LLP

By: _____
Cynthia L. Filla
Susan E. Groff
Brandon A. Takahashi

Attorney for Defendant
HILTON WORLDWIDE, INC.

# EXHIBIT A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1 | Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 | **THE NOURMAND LAW FIRM, APC**
1801 Century Park East, Suite 2600
3 | Los Angeles, California 90067
Telephone (310) 553-3600
4 | Facsimile  (310) 553-3603

5 | Attorneys for Plaintiff,
MARGARET QUEENNETTA POTTS

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 | MARGARET QUEENNETTA POTTS,

12 | Plaintiff,

13

14 | v.

15

16 | HILTON WORLDWIDE, INC., a Delaware
corporation; and DOES 1 through 100,
17 | Inclusive

18

19 | Defendants.

20

CASE NO.: **BC499591**

COMPLAINT FOR:

(1)   FAILURE TO PROVIDE MEDICAL LEAVE;

(2)   RETALIATION IN VIOLATION OF PUBLIC POLICY;

(3)   WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and

(4)   VIOLATION OF LABOR CODE §233

**DEMAND FOR JURY TRIAL**

21 |       COMES NOW plaintiff MARGARET QUEENNETTA POTTS (hereinafter "POTTS" or

22 | "Plaintiff") who complains and alleges as follows:

23 |       **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24 |       1.     Plaintiff, POTTS is and was, at all times relevant hereto, an individual residing in

25 | the County of Los Angeles, State of California.

26 | ///

27 | ///

28 | ///

1

COMPLAINT

2.      Plaintiff, POTTS is a sixty-six year old African American female who had to take care of her son who suffered a traumatic brain injury from a motorcycle accident.  Due to her's son's serious health condition, POTTS is entitled to protection under California common law and Family Medical Leave Act.

3.      Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant HILTON WORLDWIDE, INC. (hereinafter "HILTON " or "Defendants"), is and was a Delaware corporation duly organized, authorized, and licensed to do business in the State of California, with its principal place of business, in Los Angeles County, California.

4.      The true names and capacities, whether individual, corporate or associate, or otherwise, of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based upon such information and belief, alleges that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

5.      Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venturer or co-conspirator of each of the other Defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture and conspiracy.

6.      All of the acts and conduct herein and below described of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers.  In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the defendant corporation respectively and collectively ratified, accepted the

2
COMPLAINT

1  benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of

2  the said acts and conduct of the aforementioned corporate employees, agents and representatives.

3        7.    Plaintiff was hired by Defendants in or about December 2009 as a Catering Sales

4  Manager.  At all times herein mentioned POTTS was qualified for and was able to perform her

5  essential duties as a Catering Sales Manager.

6        8.    In or about October 2011, Plaintiff's son was involved in a serious motorcycle

7  accident wherein he sustained traumatic brain injury.  Plaintiff informed Defendants of her son's

8  condition and requested time off to care for her son.  In or about November 2011, Plaintiff

9  informed Defendants of the status of her son and asked for FMLA paperwork so that she could

10  care for her son.  In response, Defendant's terminated Plaintiff's employment.

11  **FIRST CAUSE OF ACTION**

12  **(FAILURE TO PROVIDE MEDICAL LEAVE**

13  **AGAINST HILTON AND DOES).**

14        9.    Plaintiff realleges and incorporates by reference all of the allegations contained in

15  the preceding paragraphs of this Complaint as though fully set forth herein.

16        10.    Plaintiff had been employed by Defendants for at least 12 months as of the date she

17  requested leave and had at least 1250 hours of service to Defendants during the 12 month period

18  immediately preceding the request for leave and employed at a worksite of Defendants where

19  Defendants employed at least 50 employees within 75 miles.

20        11.    Plaintiff requested from her employer time off to care for her son who had suffered

21  a traumatic brain injury in a motorcycle accident.  HILTON terminated Plaintiff's employment in

22  violation of Family Medical Leave Act for taking time off and/or requesting to take time off to

23  care for her son.  Defendant also failed to provide the required notices to Plaintiff advising her of

24  her rights under the Family Medical Leave Act.

25        12.    Plaintiff is informed and believes and based thereon alleges that in addition to the

26  practices enumerated above, Defendants may have engaged in other discriminatory practices

27  against her which are not yet fully known.  At such time as such discriminatory practices become

28  known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

3

13.   As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings and benefits, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend her complaint at such time as these damages are fully ascertained.

14.   Plaintiff further requests attorney fees and liquidated damages be awarded to her pursuant to the Family Medical Leave Act.

16.   Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

## (RETALIATION IN VIOLATION OF PUBLIC POLICY

## AGAINST HILTON AND DOES)

17.   Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

18.   Plaintiff is informed and believes that she was retaliated against and eventually terminated as a result of her requesting time off to care for her son who suffered from a traumatic brain injury.

19.   It is the public policy of the State of California as expressed in Federal Statute, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be retaliated against and/or terminated from their employment on the basis of requesting time off to care for a child suffering from a serious health condition.

20.   As a direct and proximate result of Defendants retaliation and termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional

4

1  distress and has suffered and will continue to suffer a loss of earnings and other employment

2  benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages

3  in amounts to be proven at trial.

4      21.     As a direct and proximate result of Defendants' willful, knowing and intentional

5  discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

6  full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

7  of court to amend her complaint at such time as these damages are fully ascertained.

8      22.     Plaintiff is informed and believes and based thereon alleges that the outrageous

9  conduct of Defendants described above was done with malice, fraud and oppression and with

10  conscious disregard for her rights and with the intent, design and purpose of injuring her.

11  Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned

12  and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason

13  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

14  according to proof at trial.

## THIRD CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION
### OF PUBLIC POLICY AGAINST HILTON AND DOES)

18      23.     Plaintiff realleges and incorporates by reference all of the allegations contained in

19  the preceding paragraphs of this Complaint as though fully set forth herein.

20      24.     Plaintiff is informed and believes that her employment was terminated as a result of

21  requesting time off to care for her son who suffered from a traumatic brain injury.

22      25.     It is the public policy of the State of California as expressed in Federal Statute,

23  California Fair Employment and Housing Act, and the Federal and California Constitution that

24  individuals shall not be terminated from their employment on the basis of requesting time off to

25  care for a child suffering from a serious health condition.

26      26.     As a direct and proximate result of Defendants termination of Plaintiff in violation

27  of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain

28  and suffering, and extreme and severe mental anguish and emotional distress and has suffered and

1  will continue to suffer a loss of earnings and other employment benefits and job opportunities.

2  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

3        27.    As a direct and proximate result of Defendants' willful, knowing and intentional

4  discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

5  full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

6  of court to amend her complaint at such time as these damages are fully ascertained.

7        28.    Plaintiff is informed and believes and based thereon alleges that the outrageous

8  conduct of Defendants described above was done with malice, fraud and oppression and with

9  conscious disregard for her rights and with the intent, design and purpose of injuring her.

10 Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned

11 and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason

12 thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

13 according to proof at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATION OF LABOR CODE §233 AGAINST

## DEFENDANTS HILTON AND DOES)

17       29.    Plaintiff realleges and incorporate by reference all of the allegations contained in

18 the preceding paragraphs of this Complaint as though fully set forth herein.

19       30.    Plaintiff is informed and believes that Defendants had a policy providing sick leave

20 and/or personal time off to its employees, including the Plaintiff.

21       31.    In violation of Labor Code §233, Defendants refused to permit Plaintiff to use his

22 sick leave and/or personal time off to care for her son who had suffered a traumatic brain injury

23 and instead discriminated and discharged Plaintiff by reason of attempting to use and using his

24 sick leave and/or personal time off to care for her son.

25       32.    As a direct and proximate result of Defendants' termination and discrimination of

26 Plaintiff in violation of Labor Code §233, Plaintiff has suffered and will continue to suffer pain

27 and suffering, and extreme and severe mental anguish and emotional distress and has suffered and

28 will continue to suffer a loss of earnings and other employment benefits and job opportunities.

COMPLAINT

1  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

2      33.    As a further direct and proximate result of Defendants' discriminatory conduct and

3  actions against him in violation of Labor Code § 233 as heretofore described, Plaintiff has been

4  damaged and deprived of the security, solace and piece of mind for which he entered the

5  employment relationship with Defendants, and each of them, thereby causing her to suffer

6  emotional and mental distress, anguish, embarrassment and humiliation, all to her general damages

7  in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

8      34.    Plaintiff further requests attorneys fees and prejudgment interest to be awarded to

9  her pursuant to California Labor Code §233.

10      35.    Plaintiff is informed and believes and based thereon alleges that the outrageous

11  conduct of Defendants described above was done with malice, fraud and oppression and with

12  conscious disregard for her rights and with the intent, design and purpose of injuring her.

13  Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned

14  and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

15  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

16  according to proof at trial.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows :

1.    For general and compensatory damages according to proof;

2.    For lost salary, both front and back pay, bonuses, benefits and any other benefits to which Plaintiff would have been entitled to by reason of her employment with Defendants, according to proof;

3.    Punitive and exemplary and punitive damages against Defendants;

4.    For prejudgment interest at the maximum rate allowed by law;

5.    For attorneys' fees  (on the 1st and 4th Cause of Action);

6.    For liquidated damages;

7.    For costs of suit incurred herein; and

8.    For such other and further relief as the Court deems just and proper.

DATED: January 23, 2013

THE NOURMAND LAW FIRM, APC

By:

Michael Nourmand, Esq.
Attorneys for Plaintiff

8

# EXHIBIT B

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JAN 23 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:** HILTON WORLDWIDE, INC., a
*(AVISO AL DEMANDADO):* Delaware corporation; and DOES 1
through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** MARGARET QUEENNETTA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* POTTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of the State of California | **BC499591** |
| 111 North Hill Street | |
| Los Angeles, California 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Nourmand, Esq. (SBN 198439)          (310) 553-3600
THE NOURMAND LAW FIRM, APC
1801 Century Park East
Los Angeles, California 90067

| DATE: | JOHN A. CLARKE | Clerk, by | Shaunya Wesley | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | JAN 23 2013 | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Hilton Worldwide, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1 | Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 | **THE NOURMAND LAW FIRM, APC**
1801 Century Park East, Suite 2600
3 | Los Angeles, California 90067
Telephone (310) 553-3600
4 | Facsimile (310) 553-3603

5 | Attorneys for Plaintiff,
MARGARET QUEENNETTA POTTS

6

7

8 |         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |         FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 | MARGARET QUEENNETTA POTTS,          ) CASE NO.: **BC499591**
                                        )
12 |                  Plaintiff,         ) COMPLAINT FOR:
                                        )
13 |                                     ) (1)   FAILURE TO PROVIDE MEDICAL
                                        )        LEAVE;
14 |         v.                          )
                                        ) (2)   RETALIATION IN VIOLATION OF
15 |                                     )        PUBLIC POLICY;
                                        )
16 | HILTON WORLDWIDE, INC., a Delaware  ) (3)   WRONGFUL TERMINATION IN
corporation; and DOES 1 through 100,   )        VIOLATION OF PUBLIC POLICY;
17 | Inclusive                          )        and
                                        )
18 |                                     ) (4)   VIOLATION OF LABOR CODE
                  Defendants.          )        §233
19 |                                     )
                                        )
20 | _____   ) **DEMAND FOR JURY TRIAL**

21 |       COMES NOW plaintiff MARGARET QUEENNETTA POTTS (hereinafter "POTTS" or

22 | "Plaintiff") who complains and alleges as follows:

23 |       **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24 |       1.      Plaintiff, POTTS is and was, at all times relevant hereto, an individual residing in

25 | the County of Los Angeles, State of California.

26 | ///

27 | ///

28 | ///

                                        1
                                  COMPLAINT

1    2.    Plaintiff, POTTS is a sixty-six year old African American female who had to take

2  care of her son who suffered a traumatic brain injury from a motorcycle accident.  Due to her's

3  son's serious health condition, POTTS is entitled to protection under California common law and

4  Family Medical Leave Act.

5    3.    Plaintiff is informed and believes, and thereon alleges, that, at all times herein

6  mentioned, defendant HILTON WORLDWIDE, INC. (hereinafter "HILTON " or "Defendants"),

7  is and was a Delaware corporation duly organized, authorized, and licensed to do business in the

8  State of California, with its principal place of business, in Los Angeles County, California.

9    4.    The true names and capacities, whether individual, corporate or associate, or

10  otherwise, of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to

11  Plaintiff, who therefore sue said Defendants by such fictitious names pursuant to California Code

12  of Civil Procedure Section 474, and Plaintiff will amend this complaint to show their true names

13  and capacities when the same have been ascertained.  Plaintiff is informed and believes and based

14  upon such information and belief, alleges that all defendants sued herein as DOES are in some

15  manner responsible for the acts herein alleged and that Plaintiff's damages were proximately

16  caused by their conduct.

17    5.    Plaintiff is informed and believes, and based thereon alleges, that at all times

18  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

19  representative, joint venturer or co-conspirator of each of the other Defendants, either actually or

20  ostensibly, and in doing the things alleged herein acted within the course and scope of such

21  agency, employment, joint venture and conspiracy.

22    6.    All of the acts and conduct herein and below described of each and every corporate

23  defendant was duly authorized, ordered, and directed by the respective and collective defendant

24  corporate employers, and the officers and management-level employees of said corporate

25  employers.  In addition thereto, said corporate employers participated in the aforementioned acts

26  and conduct of their said employees, agents and representatives, and each of them; and upon

27  completion of the aforesaid acts and conduct of said corporate employees, agents and

28  representatives, the defendant corporation respectively and collectively ratified, accepted the

1 | benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of

2 | the said acts and conduct of the aforementioned corporate employees, agents and representatives.

3 |     7.    Plaintiff was hired by Defendants in or about December 2009 as a Catering Sales

4 | Manager. At all times herein mentioned POTTS was qualified for and was able to perform her

5 | essential duties as a Catering Sales Manager.

6 |     8.    In or about October 2011, Plaintiff's son was involved in a serious motorcycle

7 | accident wherein he sustained traumatic brain injury. Plaintiff informed Defendants of her son's

8 | condition and requested time off to care for her son. In or about November 2011, Plaintiff

9 | informed Defendants of the status of her son and asked for FMLA paperwork so that she could

10 | care for her son. In response, Defendant's terminated Plaintiff's employment.

11 | **FIRST CAUSE OF ACTION**

12 | **(FAILURE TO PROVIDE MEDICAL LEAVE**

13 | **AGAINST HILTON AND DOES).**

14 |     9.    Plaintiff realleges and incorporates by reference all of the allegations contained in

15 | the preceding paragraphs of this Complaint as though fully set forth herein.

16 |     10.    Plaintiff had been employed by Defendants for at least 12 months as of the date she

17 | requested leave and had at least 1250 hours of service to Defendants during the 12 month period

18 | immediately preceding the request for leave and employed at a worksite of Defendants where

19 | Defendants employed at least 50 employees within 75 miles.

20 |     11.    Plaintiff requested from her employer time off to care for her son who had suffered

21 | a traumatic brain injury in a motorcycle accident. HILTON terminated Plaintiff's employment in

22 | violation of Family Medical Leave Act for taking time off and/or requesting to take time off to

23 | care for her son. Defendant also failed to provide the required notices to Plaintiff advising her of

24 | her rights under the Family Medical Leave Act.

25 |     12.    Plaintiff is informed and believes and based thereon alleges that in addition to the

26 | practices enumerated above, Defendants may have engaged in other discriminatory practices

27 | against her which are not yet fully known. At such time as such discriminatory practices become

28 | known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

13.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings and benefits, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend her complaint at such time as these damages are fully ascertained.

14.     Plaintiff further requests attorney fees and liquidated damages be awarded to her pursuant to the Family Medical Leave Act.

16.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF PUBLIC POLICY

### AGAINST HILTON AND DOES)

17.     Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

18.     Plaintiff is informed and believes that she was retaliated against and eventually terminated as a result of her requesting time off to care for her son who suffered from a traumatic brain injury.

19.     It is the public policy of the State of California as expressed in Federal Statute, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be retaliated against and/or terminated from their employment on the basis of requesting time off to care for a child suffering from a serious health condition.

20.     As a direct and proximate result of Defendants retaliation and termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional

1  distress and has suffered and will continue to suffer a loss of earnings and other employment

2  benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages

3  in amounts to be proven at trial.

4        21.    As a direct and proximate result of Defendants' willful, knowing and intentional

5  discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

6  full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

7  of court to amend her complaint at such time as these damages are fully ascertained.

8        22.    Plaintiff is informed and believes and based thereon alleges that the outrageous

9  conduct of Defendants described above was done with malice, fraud and oppression and with

10  conscious disregard for her rights and with the intent, design and purpose of injuring her.

11  Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned

12  and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

13  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

14  according to proof at trial.

15                          **THIRD CAUSE OF ACTION**

16                  **(WRONGFUL TERMINATION IN VIOLATION**

17            **OF PUBLIC POLICY AGAINST HILTON AND DOES)**

18        23.    Plaintiff realleges and incorporates by reference all of the allegations contained in

19  the preceding paragraphs of this Complaint as though fully set forth herein.

20        24.    Plaintiff is informed and believes that her employment was terminated as a result of

21  requesting time off to care for her son who suffered from a traumatic brain injury.

22        25.    It is the public policy of the State of California as expressed in Federal Statute,

23  California Fair Employment and Housing Act, and the Federal and California Constitution that

24  individuals shall not be terminated from their employment on the basis of requesting time off to

25  care for a child suffering from a serious health condition.

26        26.    As a direct and proximate result of Defendants termination of Plaintiff in violation

27  of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain

28  and suffering, and extreme and severe mental anguish and emotional distress and has suffered and

1 | will continue to suffer a loss of earnings and other employment benefits and job opportunities.

2 | Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

3 |      27.    As a direct and proximate result of Defendants' willful, knowing and intentional

4 | discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

5 | full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

6 | of court to amend her complaint at such time as these damages are fully ascertained.

7 |      28.    Plaintiff is informed and believes and based thereon alleges that the outrageous

8 | conduct of Defendants described above was done with malice, fraud and oppression and with

9 | conscious disregard for her rights and with the intent, design and purpose of injuring her.

10 | Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned

11 | and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

12 | thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

13 | according to proof at trial.

14 | **FOURTH CAUSE OF ACTION**

15 | **(VIOLATION OF LABOR CODE §233 AGAINST**

16 | **DEFENDANTS HILTON AND DOES)**

17 |      29.    Plaintiff realleges and incorporate by reference all of the allegations contained in

18 | the preceding paragraphs of this Complaint as though fully set forth herein.

19 |      30.    Plaintiff is informed and believes that Defendants had a policy providing sick leave

20 | and/or personal time off to its employees, including the Plaintiff.

21 |      31.    In violation of Labor Code §233, Defendants refused to permit Plaintiff to use his

22 | sick leave and/or personal time off to care for her son who had suffered a traumatic brain injury

23 | and instead discriminated and discharged Plaintiff by reason of attempting to use and using his

24 | sick leave and/or personal time off to care for her son.

25 |      32.    As a direct and proximate result of Defendants' termination and discrimination of

26 | Plaintiff in violation of Labor Code §233, Plaintiff has suffered and will continue to suffer pain

27 | and suffering, and extreme and severe mental anguish and emotional distress and has suffered and

28 | will continue to suffer a loss of earnings and other employment benefits and job opportunities.

6

COMPLAINT

1   Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

2       33.   As a further direct and proximate result of Defendants' discriminatory conduct and

3   actions against him in violation of Labor Code § 233 as heretofore described, Plaintiff has been

4   damaged and deprived of the security, solace and piece of mind for which he entered the

5   employment relationship with Defendants, and each of them, thereby causing her to suffer

6   emotional and mental distress, anguish, embarrassment and humiliation, all to her general damages

7   in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

8       34.   Plaintiff further requests attorneys fees and prejudgment interest to be awarded to

9   her pursuant to California Labor Code §233.

10      35.   Plaintiff is informed and believes and based thereon alleges that the outrageous

11  conduct of Defendants described above was done with malice, fraud and oppression and with

12  conscious disregard for her rights and with the intent, design and purpose of injuring her.

13  Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned

14  and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason

15  thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum

16  according to proof at trial.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows :

1.    For general and compensatory damages according to proof;

2.    For lost salary, both front and back pay, bonuses, benefits and any other benefits to which Plaintiff would have been entitled to by reason of her employment with Defendants, according to proof;

3.    Punitive and exemplary and punitive damages against Defendants;

4.    For prejudgment interest at the maximum rate allowed by law;

5.    For attorneys' fees  (on the 1st and 4th Cause of Action);

6.    For liquidated damages;

7.    For costs of suit incurred herein; and

8.    For such other and further relief as the Court deems just and proper.

DATED: January 23, 2013                    THE NOURMAND LAW FIRM, APC

By:   _____
                   Michael Nourmand, Esq.
                   Attorneys for Plaintiff

8

COMPLAINT

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Number _____

**BC49959**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 1 of 2

The following critical provisions of the C       er Three Rules, as applicable in the Central D       ct, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel**  The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st FL | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-668-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-8130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Click on the button to select the appropriate court address.

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)    ☐ Settlement Conference

☐ Arbitration (binding)        ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.   The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.   If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____ )

_____          ➢ _____
(TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

     It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/28/13                                                                    DEPT. 58

HONORABLE ROLF M. TREU          JUDGE | K. MASON          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
#12
        R.E. LEE          CA          Deputy Sheriff            Reporter

---

4:00 pm  BC499591                          Plaintiff
                                           Counsel
MARGARET QUEENNETTA POTTS
                                           Defendant
              VS                           Counsel
HILTON WORLDWIDE INC

---

NATURE OF PROCEEDINGS:

PLAINTIFF MARGARET POTTS' PEREMPTORY CHALLENGE
AGAINST THE HONORABLE ROLF M TREU,
DEPARTMENT 58;

The Court reviews the above-referenced
Peremptory Challenge filed with the Court on
1-25-13 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from HON. ROLF M. TREU, DEPT. 58
to HON. MICHAEL L. STERN, DEPT. 62

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail.  Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.


              Page   1 of    2   DEPT. 58

```
MINUTES ENTERED
01/28/13
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/28/13

DEPT. 58

HONORABLE ROLF M. TREU     JUDGE     K. MASON     DEPUTY CLERK

HONORABLE     JUDGE PRO TEM     ELECTRONIC RECORDING MONITOR
#12
       R.E. LEE     CA     Deputy Sheriff     Reporter

4:00 pm  BC499591

MARGARET QUEENNETTA POTTS

               VS
HILTON WORLDWIDE INC

Plaintiff
Counsel

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 1-28-13

John A. Clarke, Executive Officer/Clerk

By: _____
              K. Mason
              K MASON, Deputy


MICHEAEL NOURMAND, ESQ.
THE NOURMAND LAW FIRM
1801 CENTURY PARK EAST, SUITE 2600
LOS ANGELES, CA. 90067

Page   2 of   2   DEPT. 58

MINUTES ENTERED
01/28/13
COUNTY CLERK

# EXHIBIT C



1 | Cynthia L. Filla (SBN 184638)
   | Susan E. Groff (SBN 226670)
2 | Brandon A. Takahashi (SBN 248883)
   | JACKSON LEWIS LLP
3 | 725 South Figueroa Street, Suite 2500
   | Los Angeles, California  90017-5408
4 | fillac@jacksonlewis.com
   | groffs@jacksonlewis.com
5 | brandon.takahashi@jacksonlewis.com
   | Telephone:    (213) 689-0404
6 | Facsimile:     (213) 689-0430

7 | Attorneys for Defendant
   | HILTON WORLDWIDE, INC.

8

9 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

12 | MARGARET QUEENNETTA POTTS,  ) Case No.:  BC499591

13 |              Plaintiff,  ) [Assigned for all purposes to the Honorable
    |                          ) Michael L. Stern, Department 62]
14 |     vs.  )
    |          ) **DEFENDANT HILTON WORLDWIDE,**
15 | HILTON WORLDWIDE, INC., a Delaware  ) **INC.'S ANSWER TO PLAINTIFF**
    | corporation; and DOES 1 through 100, Inclusive,  ) **MARGARET QUEENNETTA POTTS'**
16 |                                                 ) **COMPLAINT FOR DAMAGES**
17 |              Defendants.  )
    |                          ) Complaint Filed:      January 23, 2013
18 |                          )

19

20 |         Defendant HILTON WORLDWIDE, INC. ("Defendant") on behalf of itself and for no other

21 | defendant, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff

22 | MARGARET QUEENNETTA POTTS ("Plaintiff") and admits, denies and otherwise pleads as follows:

23 |                                                 **I.**

24 |                                    **GENERAL DENIAL**

25 |         Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally

26 | and specifically each and every allegation contained in the Complaint and denies that Plaintiff has

27 | suffered any injury or been damaged in any sum whatsoever.

28 | ///

---

1

## II.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies under California Government Code sections 12960 and 12965, and California Labor Code sections 98 and 98.2.

### THIRD AFFIRMATIVE DEFENSE

3.   To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction because any such recovery is barred by the exclusivity of remedies under the California Workers' Compensation Act, Labor Code sections 3200, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

4.   Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 335.1, 338, 340, and 343; California Government Code sections 12960 and 12965, *et. seq.*; and 29 U.S.C. section 2617.

### FIFTH AFFIRMATIVE DEFENSE

5.   Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because the actions of Defendant were privileged or protected by applicable laws including, without limitation, the doctrine of managerial immunity, California Labor Code section 1053, and the United States and California Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

6.   Any recovery on Plaintiff's Complaint, and any purported cause of action alleged therein,

2

1 is barred because Plaintiff's term of employment was for an unspecified duration and therefore, pursuant

2 to Labor Code section 2922, terminable at will, with or without cause, in Defendant's sole discretion.

### SEVENTH AFFIRMATIVE DEFENSE

4     7.    Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's

5 Complaint, or any purported cause of action alleged therein, is barred by California Labor Code Sections

6 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties

7 and failed to comply substantially with the reasonable directions of her employer.

### EIGHTH AFFIRMATIVE DEFENSE

9     8.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

10 is preempted by ERISA in that Plaintiff's Complaint seeks to recover benefits under the terms of an

11 employee benefit plan, to enforce her rights under the terms of an employee benefit plan and/or to

12 clarify her rights to future benefits under the terms of an employee benefit plan. Plaintiff has an

13 adequate remedy pursuant to his claim under 29 U.S.C. sections 1132, *et seq.*, of ERISA and this action

14 is not exempt from ERISA's provisions.

### NINTH AFFIRMATIVE DEFENSE

16     9.    Any recovery on Plaintiff's Complaint, and each purported cause of action alleged

17 therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct

18 promptly any alleged illegal conduct including, but not limited to, discriminatory, harassing and

19 retaliatory behavior.

### TENTH AFFIRMATIVE DEFENSE

21     10.    Any and all conduct which Plaintiff complains is attributable to Defendant was a just and

22 proper exercise of Defendant's discretion, and was undertaken for fair, honest and legitimate business-

23 related reasons and regulated by good faith and probable cause under the circumstances existing at all

24 times mentioned in Plaintiff's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

26     11.    Defendant was unaware of, and did not authorize, direct, participate in, or ratify any

27 alleged wrongful conduct. Any recovery on Plaintiff's Complaint, or any purported cause of action

28 alleged therein, is barred in whole or in part because Defendant did not authorize, aid, abet, counsel or

1    encourage any such alleged conduct.

2                           **TWELFTH AFFIRMATIVE DEFENSE**

3          12.    Plaintiff is barred from recovering any damages under the avoidable consequences

4    doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination, harassment,

5    and retaliation, Plaintiff unreasonably failed to utilize the available preventive and corrective measures,

6    and reasonable use of such preventive and corrective measures would have prevented at least some of

7    the harm Plaintiff allegedly suffered. *See State Dept. of Health Services v. Superior Court of*

8    *Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

9                          **THIRTEENTH AFFIRMATIVE DEFENSE**

10         13.    In the event that, through the course of discovery, Defendant should obtain so-called

11   after-acquired evidence, any recovery on Plaintiff's Complaint, or any causes of action alleged therein,

12   is barred, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

13                         **FOURTEENTH AFFIRMATIVE DEFENSE**

14         14.    Although Defendant denies it has committed or has responsibility for any act that could

15   support any recovery, including punitive damages, against it and to the extent any such act is found, any

16   recovery, including punitive damages, against Defendant is unconstitutional under numerous provisions

17   of the United States Constitution including the Excessive Fines Clause of the Eight Amendment and the

18   Due Process clauses of the Fifth Amendment, as well as numerous provisions of the California

19   Constitution including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of

20   Section 7 of Article I, and the Self-Incrimination Clause of Section 15 of Article I.

21                          **FIFTEENTH AFFIRMATIVE DEFENSE**

22         15.    Any recovery on Plaintiff's Complaint, and each purported cause of action alleged

23   therein, is barred under the equitable doctrines of consent, waiver, estoppels and unclean hands.

24                          **SIXTEENTH AFFIRMATIVE DEFENSE**

25         16.  . Any recovery on Plaintiff's Complaint, and each purported cause of action alleged

26   therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action, and

27   in asserting any claim for relief against Defendant.

28   ///

                                            4

1

### SEVENTEENTH AFFIRMATIVE DEFENSE

2   17.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

3   is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any

4   employment decisions toward Plaintiff, Defendant would have made the same employment decisions

5   toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

6

### EIGHTEENTH AFFIRMATIVE DEFENSE

7   18.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

8   is barred because Plaintiff failed to timely provide medical certification as required under the Family

9   Medical Leave Act in order to be eligible for a leave of absence under the same.

10

### NINETEENTH AFFIRMATIVE DEFENSE

11   19.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

12   is barred because, assuming *arguendo* that Plaintiff had taken leave under the Family Medical Leave

13   Act, Defendant would have made the same decision(s) with respect to Plaintiff's employment.

14

### TWENTIETH AFFIRMATIVE DEFENSE

15   20.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

16   is barred to the extent that Plaintiff would not otherwise have been employed at the time any

17   reinstatement had been requested due to legitimate business reasons.

18

### TWENTY-FIRST AFFIRMATIVE DEFENSE

19   21.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

20   is barred because Plaintiff would arguably have been unable to return to work from, or alternatively,

21   unable to perform the essential functions of her position, at the conclusion of a twelve-week statutory

22   leave under the Family Medical Leave Act or following any absence covered by Cal. Labor Code

23   section 233.

24

### TWENTY-SECOND AFFIRMATIVE DEFENSE

25   22.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

26   is barred to the extent any denial of a requested leave was based on a good faith defense that Plaintiff

27   had misused any such leave.

28   ///

DEFENDANT HILTON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF MARGARET QUEENNETTA POTTS'
COMPLAINT FOR DAMAGES

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2     23.     Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because

3 Defendant's conduct was not willful.

4

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5     24.     Defendant alleges Plaintiff's Complaint, and each purported cause of action alleged

6 therein, is barred because the damages or injuries allegedly sustained by Plaintiff, if any, were not

7 proximately caused by the acts, omissions and/or breach of obligations of Defendant.

8

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9     25.     Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any

10 compensation and other benefits to which she was not entitled and/or did not earn.

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12     26.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by

13 virtue of Plaintiff's failure to have exercised reasonable diligence to mitigate her alleged damages.

14

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15     27.     Any recovery on Plaintiff's Complaint, and any purported causes of action alleged

16 therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff

17 received from any source after Plaintiff ceased to be employed by Defendant under the doctrine

18 prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

19

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20     28.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,

21 unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable

22 attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

23

### TWENTY-NINTH AFFIRMATIVE DEFENSE

24     29.     Defendant alleges that the action is barred because Plaintiff agreed, in writing, to arbitrate

25 any dispute, claim or controversy arising out of her employment with Defendant, including the claims

26 asserted in the action.  Plaintiff has failed to comply with this agreement to arbitrate, and the agreement

27 precludes this litigation.

28 ///

DEFENDANT HILTON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF MARGARET QUEENNETTA POTTS'
COMPLAINT FOR DAMAGES

### III.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing herein;

2.    That the Complaint be dismissed in its entirety with prejudice as to Defendant;

3.    For its reasonable attorneys' fees incurred in defense of this action;

4.    For costs of suit herein; and

5.    For other and further relief as the Court may deem just and proper.

DATED:  March 8, 2013           JACKSON LEWIS LLP

By: _____
Cynthia I. Filla
Susan E. Groff
Brandon A. Takahashi

Attorneys for Defendant
HILTON WORLDWIDE, INC.

7

DEFENDANT HILTON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF MARGARET QUEENNETTA POTTS'
COMPLAINT FOR DAMAGES

1                             **PROOF OF SERVICE**

2   **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3   **CASE NAME:**     *Margaret Queennetta Potts v. Hilton Worldwide, Inc.*

4   **CASE NUMBER:**   **BC499591**

5         I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
6 not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

7         On March 8, 2013, I served the foregoing document described as: **DEFENDANT HILTON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF MARGARET QUEENNETTA POTTS'**
8 **COMPLAINT FOR DAMAGES** in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

9                       Michael Nourmand, Esq.
10                       James A. DeSario, Esq.
               The Nourmand Law Firm, APC
11             1801 Century Park East, Suite 2600
                Los Angeles, CA  90067
12            Telephone:    310.553.3600
           Facsimile:     310.553.3603

13                   *Attorneys for Plaintiff*
14             *Margaret Queennetta Potts*

15   **[X]**    **BY MAIL**

16       [ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

17       **[X]**  As follows: I am "readily familiar" with the firm's practice of collection and processing
18 correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of
19 business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
20 affidavit.

21   **[X]**   **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22       Executed on March 8, 2013 at Los Angeles, California.

23

24                             *[signature]*
25                          ARTHUR ESCALANTE

26   4828-0568-2195, v. 2

27

28

                                     1

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CASE NAME:** *Margaret Queennetta Potts v. Hilton Worldwide, Inc.*

**CASE NUMBER:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa St., Suite 2500, Los Angeles, CA 90017

On March 11, 2013, I served following document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 (a) and (b) and 1446 (DIVERSITY)**

on the parties in this action listed below in the manner designated below:

**Michael Nourmand, Esq.**
**James A. DeSario, Esq.**
**THE NOURMAND LAW FIRM, APC**
**1801 Century Park East, Suite 2600**
**Los Angeles, CA 90067**
**Telephone: 310.553.3600**
**Facsimile: 310.553.3603**

*Attorneys for Plaintiff*
*Margaret Queennetta Potts*

**[X]    BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

[X]   **FEDERAL**   I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

2

3

Executed on March 11, 2013 at Los Angeles, California.

4

5

6

ARTHUR ESCALANTE

7

4818-2080-7699, v. 3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.:                                   2                       PROOF OF SERVICE